The first case this morning is 524-0479, People v. Rodriguez. Arguing for the appellant is Christina O'Connor. Arguing for the appellee is Max Watson. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. We've read the briefs, kind of interesting issue this morning, so we're looking forward to hearing that. Ms. O'Connor, are you ready to proceed? Yes, your honor. All right, you may do so. Thank you. May it please the court, counsel, my name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender, and I represent Ms. Brittany Rodriguez in this matter. This case involves one simple issue, and the state concedes that the record is devoid of any indication Ms. Rodriguez wished to waive her right to have a jury trial for a second bench trial. Instead, the state argues that the record is not complete on appeal. The record is complete, and this court has also granted a motion to supplement the record with a letter from the court reporting supervisor that there are no additional relevant transcripts available. Therefore, this court should vacate Ms. Rodriguez's conviction and grant her a new trial. In this case, Ms. Rodriguez was granted a new trial on December 9th, 2024, after the trial court found that she had not been properly admonished under Rule 401A before proceeding pro se at her first bench trial. In the order granting the new trial, the court said that the case was reset for the January DV docket. On January 21st, a hearing was held where the court imposed pretrial release conditions, and the court order stated that the case was reset for a pretrial hearing on April 24th. The next day, a docket entry was made that the case was set jury trial. On April 24th, the court filed an order with deadlines for trial filings and a final pretrial conference date, and that a bench trial was set for May 30th. This order was signed by counsel, the state, and the court, and it made no mention about a jury waiver. In fact, there is a box on that order that could have been marked to indicate that Ms. Rodriguez waived her right to a jury trial, but it was not marked, and that's in the common law on page 48. Let me interrupt you, Ms. O'Connor. Did it say anywhere that parties were present? Because I think there's a box that you can check that says if parties are present or not. I do not believe that it did, Your Honor. I can double check again and readdress this on rebuttal, but I don't believe that it did. I don't believe that it did either. That's why I was asking the question. I didn't see it, so I wasn't sure if I missed it. Okay. So we don't know if the defendant was even present or not. Is that correct? Yes, Your Honor. I do not believe the record indicates anything for that date. All right. Thank you. Counsel, with respect to these untranscribed hearings and the one in particular where the trial call was changed from a bench trial to a jury trial, why were there no bystanders reports filed to get some clarity in terms of who was present and what was discussed? Well, Your Honor, I don't believe that any bystander reports were actually needed in this case since the orders all indicate what had occurred and they were signed by the court and the state and counsel. Additionally, according to Rule 323C, bystanders reports have to be filed within 28 days after the notice of appeal. So in this case, it just determined what was needed to supplement the record here. But additionally, it isn't Ms. Rodriguez's duty to show that her rights weren't violated. We maintain the record is fully complete here between the docket sheet, the transcripts that were done, and the orders. And that provides a complete record of what actually occurred in this case. And along those lines, what would a bystander's report include at this point if there is a court order and if the parties weren't present? I mean, how does the defendant make a record if nothing occurred, is my question. Justice Scholar, I believe you've answered that better than I could have. I completely agree with you 100%. I don't think there's anything that we could have done here to add because the record shows exactly what did occur in this case. Let me ask you another question. I want to change gears a bit. In the first trial, there was a written jury waiver. Is that correct? Yes, Your Honor. Was there any subsequent written jury waiver? No, Your Honor. So presumably, we can assume that it looks like a form order to me. I mean, it looks like there typically would be a written jury waiver, but there was not a second one as part of the common law record. Is that correct? Yes, Your Honor. All right. What am I supposed to glean from that? Um, I think exactly what happened in Bracey in our Supreme Court's case, that it just seems that everybody operated on the basis that that initial waiver was valid and just carried through. But it's been well settled by our Supreme Court for over 20 years that a prior jury waiver holds little evidentiary value and has no effect once the first trial has been terminated. Okay, thank you. So in this case, is the trial court's duty to ensure that a jury trial waiver is made voluntarily, knowingly, and intelligently, that obligation cannot be perfunctorily discharged. The record must contain some affirmative statement by either defendant or the defendant's attorney in the presence of the defendant, that the defendant does not want a jury trial, or at the very least, have a record that includes a signed jury trial waiver. And here, this case is similar to what occurred in Elders and Williams, where a bench trial being talked about by a counsel or the court provides no evidence as to a valid jury waiver because there was no discussion about a waiver taking place. And the lone mention of a bench trial is not enough to show that a defendant wished to waive their right to a jury trial. And that's what happened at that final pretrial hearing. That can be found on the report of proceedings, page three. The court said, just so I can recap where things stand, I said this today because we have a contested bench trial Friday the 30th. And counsel responded, that's correct. Additionally, all of the cases that the state cites to fail to support their argument, the In Fouch, Trapini Construction Company and Countant, all of those issues were not about jury waiver. And in those cases, the record either lacked all transcripts or the specific evidence that was needed to determine whether the court's ruling was correct. The courts in those cases all found that where there was no sufficient record, they had to presume that the trial court acted in conformity with law. The case at hand is very different from a situation where, say, someone is arguing that the court erred in denying a motion to vacate judgment or in granting a plenary stocking no contact order. This situation involves a need to show an affirmative waiver of an important constitutional right. And it's the trial court's duty to ensure that happens. The state does cite to People v. Hart, which does involve a jury waiver. But the defendant in that case failed to include transcripts of any of the trial court proceedings. And the common law record also lacked the trial court's docket. More importantly, however, the record did contain the defendant's signed written jury waiver. Thus, in that case, the appellate court held that it could not make any determination about the jury waiver since the record was incomplete. And it must assume that the written jury waiver and bench trial were based on a valid waiver. Here, the record is complete. And there are no additional transcripts that can be supplemented. The court wrote orders. They were signed by counsel in the state. Those indicate what occurred. The docket sheet is also included in the record. And nothing shows any mention about a jury waiver by either Ms. Rodriguez or her attorney for her second bench trial. If a jury waiver had taken place, all the court needed to do was make some notation of that in the record, confirm it with counsel and Ms. Rodriguez's presence. Or the court could have confirmed it with Ms. Rodriguez or just had her sign a new jury trial waiver. The court is presumed to know the law. And there were multiple opportunities to include that information in the record if it had happened. However, this court should not presume that a waiver took place when there is no mention of it, especially when it comes to such an important constitutional right. For the reasons argued in the briefs and today, the record is complete and sufficient for this court to determine that Ms. Rodriguez's constitutional rights were violated. There is no indication that Ms. Rodriguez voluntarily, knowingly, or understandingly waived her right to a jury trial for her second trial. Therefore, Ms. Rodriguez asked this court to reverse her conviction and remand this matter for a new trial. Does the court have any further questions? You're not Justice Schor? Not at this time. Justice Bollinger? No, I do not. All right. You'll have time and rebuttal momentarily. Mr. Watson, you're ready to proceed. Yes, I am. All right, may I do so? All right. Good morning, Your Honors, and may it please the court. My name is Max Watson, and I represent the state in this matter. As counsel discussed, this appeal involves a single issue of whether defendant effectively waived their right to a jury trial. Our arguments in two parts that the record on appeal is incomplete and raises doubt as to whether a waiver occurred. And then the issue was not properly preserved at the trial court, and due to the incompleteness of the record, the error is not clear and obvious. I would just start out with standard review that for determining whether an effective jury waiver occurred is reviewed de novo. However, when an appellant provides an incomplete record, any doubts that arise are resolved against the appellant. I would start out with looking at Supreme Court Rule 323, which places the burden on the appellant to provide a sufficiently complete record to review the issues on appeal. We do not have a sufficiently complete record to review the issues. All we have is the transcripts from the final pretrial conference and the second trial. Counsel, we know that three of these hearings that you point to or the state points to were not transcribed, and one in particular changed the trial status to a jury trial. We've heard counsel or the appellant say that the record is sufficient based on the orders that are in the record, and there's no indication a jury waiver was taken or that defendant was even present to be admonished. So, why would we think a bystander's report of any of these hearings would shed further light on what happened? Yes, Your Honor. Either a bystander's report or an agreed statement of facts or something would at least help indicate what occurred. And the reason for the deadlines on those bystander reports are so that the attorneys that were present and what occurred, it was fresh in their mind. And I think at this stage now, a couple of years out, there's no way to determine what occurred, whether a defendant was there or not. We have orders, but we do not have the transcripts of what was discussed. And even if we did, there may still be the question of whether it was knowing and voluntary. But we know that there was no transcript based on the supplemental filing from the, I don't know, the head of the court reporters. So, there isn't a transcript, and the court order should speak for itself. I'm also having a really hard time reconciling this case with People v. Morales, which I don't believe was cited in either of the briefs. 25 Illap 1st, 231317. Morales citing Boykin v. Alabama says, a valid waiver of trial by jury cannot be presumed from a silent record. How do you reconcile that with this case at hand? I would reconcile it with that. When there are gaps in the record, the issue is resolved against the appellant. And the state's not contending that, without a doubt, there was a valid jury waiver. But without any indications in the record of what occurred, appellants raising this issue and claiming this error occurred without any type of proof, in a sense, to show that the error occurred. I'm not sure that Morales stands for the proposition that you're espousing, though. So, I'm not sure that I agree with that reading, because I think Morales actually says that any doubt regarding a waiver's validity has to be resolved in favor of the accused, and you cannot assume that from a silent record. So, I'm just having a really hard time reconciling this case with the Morales case. Yeah, and I think our issue with this is it's hard to review what the issue is without any indication of what occurs. And I understand with Morales that we have a silent record here. But I would also note that the motion to supplement the record documents that there are gaps in the record. And when there are gaps in the record, then the standard is that the issues were solved against the appellant. And any reasonable presumption is that the trial court acted accordingly to the law. Yeah. How do you explain the fact that there was a written waiver for the first trial and no written waiver for the second trial? We acknowledge that there wasn't. Written jury waivers aren't necessarily required, and nor do they show that it was knowing and voluntary, even if there was one. We don't have any information as to why the trial court didn't proceed with the second one, because we don't have any transcripts of those hearings that occurred for them to discuss it. And I think our position just is that a second written jury waiver isn't necessarily required to show that the defendant waived their right to a jury trial. And again, just following up with Supreme Court Rule 323, CND provide the answer for appellant to fill these gaps. And appellant could have contacted our office and tried to get some agreed statement of facts. We still stand by a bystander's report or something from the attorneys that were present there would have been helpful. However, those timelines are past now, and it makes it difficult to even see where this issue would have occurred. And I think what happens now is if this court finds that it was a complete record, is that why can't defendants just provide the final pretrial conference transcript and say, well, the waiver didn't occur here, so the record doesn't support that any waiver occurred. Most jury waivers are going to occur more than 10 days prior to a bench trial. And so that is our point, is that you need something more between from when the defendant first made their jury demand back in June, all the way until April, where suddenly the trial court changes its stance from a jury trial to a bench trial. If it had always been scheduled as a bench trial, I think it would have indicated more that they just presumed that they were moving forward with a bench trial. But the fact that it was scheduled for a jury trial, it moved along on that path for months and months on end. And then roughly a month before a trial occurs, there's a hearing where it suddenly changed to a special setting for a bench trial. That indicates that something occurred at that trial and without transcripts or anything to indicate what happened there. We don't have a sufficiently complete record to review the issues for appeal. And I would also just move on to the forfeiture issue real briefly. Again, our stance is that this is not a sufficiently complete record. There is not a clear showing that defendant did not waive their right to a jury trial. And since this issue was not properly preserved, that first step in erasing the plain error review is that there is a clear and obvious error that occurred. That cannot be said if you do not have the available transcripts or anything to show that a clear and obvious error occurred. It just kind of seems to me like you're flipping what we're supposed to review there. You said there's not a clear showing that she did not waive her jury trial. Isn't it the opposite? Doesn't it have to be a clear showing that they, in open court, waived their jury trial? That'd be correct, Your Honor. Yes. Sorry, I may have gotten mixed up. Are you familiar with the Supreme Court case of People v. Jerry Scott? I don't believe so, Your Honor. So just in regards to- And to piggyback on what Justice Vaughn said, going back to Morales, I keep coming back to it, and it's citing Smith. To the same end, our decisions have imposed on the circuit courts the duty of ensuring that a defendant's waiver of his right to a jury trial be made expressly and understandingly. If there is no transcript and there was no court reporter, why can't we assume- And there is a court order that memorializes what happened. Can't we assume that the judge just didn't do that? Well, I would just go back to the standard for when there are gaps in the record, then the issues are resolved against the appellant. And we don't dispute that Bracey controls in this situation, that, you know, certainly there was a requirement for a second jury waiver. Just simply that. I think you and I are disagreeing on what is considered a gap in the record. I think that's where the disagreement is lying for me, because I'm just not seeing a record period because something may not have happened. The court order seems to indicate that it was switched to a bench trial. There isn't a transcript. So I'm just assuming it didn't happen. I mean, why not make that assumption? It's just without anything to indicate whether it did or did not happen. It makes it impossible to actually review the issue that's being raised here. And that's where the state stands on it. All right, thank you. I may briefly just conclude just with one line. Just for these foregoing reasons, we ask this court to affirm defendant's conviction sentence. Thank you, your honors. Thank you. Any other questions, Justice Schiller? No, thank you. Justice Bollinger? Questions. Thank you. All right, thank you. Mr. Conner, you ready for rebuttal? Thank you, your honor. The state keeps talking about gaps in the record, but there are no gaps. There are no transcripts. The orders said exactly what occurred. I double checked the docket sheet. It does not even indicate that anybody like Ms. Rodriguez was present on that April 24th court date. But again, there were many opportunities for the court to just confirm that Ms. Rodriguez either waived her right to a jury trial, go through the admonishments again, do a signed written jury waiver. None of that took place here. And it's the trial court's duty to ensure that the defendant knowingly, intelligently, and voluntarily waives their right to have a jury trial. This is an important constitutional right. And it just simply did not happen here. And the state has not said that they know that the waiver happened, and it's just not in the record. The state instead is arguing that there's gaps and that, you know, we just have to assume that it may have happened because at some point it was changed from a jury trial to a bench trial. Well, that's not- So, Conner, I asked opposing counsel about people versus Jerry Scott. Are you familiar with that case from the Supreme Court? I don't believe so. I don't know if it was cited to in the briefs, but I'm happy to do a supplemental briefing on both Morales and Scott if the court would like to. Here's what happened, Scott. And I know because I was the state's attorney back then. Defendant waived jury trial, signed a written waiver in his attorney's office. The attorney filed that. Then on the morning of trial, the defense attorney says, Your Honor, we're ready to proceed to bench trial. It goes up before the Supreme Court. The Supreme Court says there's no showing in the record they ever waived an open court. They waived maybe in their office and signed a written waiver. There was a written waiver in that case. But the Supreme Court says there has to be some hearing in open court with the judge finding it's a non-intelligent voluntary waiver. So it seems to me like maybe that applies. I would think that does apply here. And again, I mean, it's very important for that waiver to be in open court, hopefully on the record, because this is such an important constitutional right. But at the very least, there should just be some indication that Ms. Rodriguez actually wanted to waive her right to have a jury trial here for her second bench trial. That just did not occur. I mean, there is a jury waiver for the first trial. I think the court is presumed to know the law. And it would have been so easy just to re-go over this again, the final pretrial conference hearing, even for them to just have a conversation. It would be enough for even the court to ask counsel and the counsel in Ms. Rodriguez's presence to say, yes, we talked about this. We're waiving our right to have a jury trial again. Just none of that happened. And the record is complete. And the state is attempting to shift the burden on Ms. Rodriguez to keep providing more and more information that show that her constitutional rights weren't violated, which is absurd, because where does that end? The record is complete here. The court orders talk about what happened. They were signed by counsel, the state, and the court. And the state was free to add something to those orders or mention something. It's like, hey, the jury waiver happened. We need to talk about this. There's just nothing in the record that says that. So that shows that the jury waiver did not actually happen. And this court should not just presume that it did happen. And this is reviewable under second pronged plain error because of the severity of the issue here. And again, the record is complete. This court can find that Ms. Rodriguez did not waive her right to a jury trial and can reverse her conviction and remand this matter for a new trial. Does the court have any further questions? Justice Scholar? No. Justice Bollinger? Thank you. All right. Thank you. All right. We appreciate your arguments. We will take the matter under advisement and issue a decision in due course.